THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JORDAN CORY RILEY, <br><br> Petitioner, <br><br> v. <br><br> STATE OF UTAH, <br><br> Respondent. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE REGARDING DENIAL OF HABEAS-CORPUS PETITION** <br><br> Case No. 4:25-CV-51-DN <br><br> District Judge David Nuffer |

Petitioner Jordan Cory Riley, confined at Central Utah Correctional Facility, filed this federal habeas-corpus petition, under 28 U.S.C.S. § 2254 (2025) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States."). (ECF No. 1.)

Citing case number 241001321, Petitioner states he was "convicted and sentenced" in "Provo Justice Court" for "possession of controlled substance," "use possession drug paraphernalia," "failure to comply," and "speeding." (ECF No. 1.) His entire argument declares, "I was in legal possession of my prescribed medication. The alleged paraphernalia was a nicotine (geek-vape). I called police and met at a safer place. I was not speeding." (*Id.*) Petitioner does not specify the relief requested, though the typical relief requested in a habeas petition is invalidation of criminal conviction(s) and/or sentencing.

## SCREENING ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

1

notify the petitioner." R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Indeed, "it is well

established that '[the] district court [may] dismiss summarily [a] petition on the merits when no

claim for relief is stated.'" *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (cleaned

up). And, "precedent allows a district court to recognize affirmative defenses *sua sponte* in the

habeas context." *In re McCormick*, No. 11-3071, 2011 U.S. App. LEXIS 20172, at *8 (10th Cir.

Apr. 19, 2011). After all, "habeas proceedings are different from ordinary civil litigation and, as

a result, our usual presumptions about the adversarial process may be set aside." *United States v.*

*Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing *Day v. McDonough*, 547 U.S. 198, 202

(2006)).

      The United States Supreme Court has observed that federal district courts have inherent

authority to dismiss a frivolous case. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08

(1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but

there is little doubt they would have power to do so even in the absence of this statutory

provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (holding federal district

courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of

merit"). While *pro se* litigant's pleadings are construed liberally, the fact that Petitioner proceeds

*pro se* does not shield Petitioner from dismissal for frivolousness. *Freeman v. Davis*, 414 F.

App'x 163, 165 (10th Cir. 2011) (unpublished).

      A claim "is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490

U.S. 319, 325 (1989) (stating legal frivolousness includes both "inarguable legal conclusion[s]"

and "fanciful factual allegation[s]"); *see Mallett v. United States*, 721 F. App'x 836, 865 (10th

Cir. 2018) (unpublished) (frivolous habeas-corpus petition); *Branch v. Crowther*, 708 F. App'x

963, 965 (10th Cir. 2018) (frivolous 2254 petition). "[T]he right of access to the courts is neither

absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted). The initial pleading here is subject to review pursuant to the inherent authority of this Court to ensure that that the case is not frivolous--i.e., involving "factually frivolous" allegations or resting on "an indisputedly meritless legal theory." *Mallett*, 721 F. App'x at 837 (cleaned up).

Petitioner's initial pleading appears to satisfy these criteria. Because Petitioner's arguments do not refer whatsoever to the Federal Constitution or federal law, they are indisputably meritless here. Simply put, his spare allegations do not form the basis of legal claims under federal law that would lead to his release from custody in the underlying state criminal case at issue. *See* 28 U.S.C.S. § 2254(a) (2025); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Indeed, the Court's review of the docket of Petitioner's state criminal case reveals that action was dismissed on December 30, 2024. *See Provo City v. Riley*, No. 241001321 (Utah 4th Jud. Dist. Dec. 30, 2024). Regarding state case number 241001321, then, Petitioner is not even a "person in custody pursuant to the judgment of a State court." 28 U.S.C.S. § 2254(a) (2025). His claims are thus proposed for dismissal.

In sum, having carefully considered all relevant documents and law, the Court concludes that Petitioner's initial pleading is frivolous and does not surmount the federal habeas standard of review. The Court therefore proposes to deny the petition.

## CONCLUSION

Petitioner's claims are frivolous and do not meet the federal habeas standard for relief: That (under the state criminal case he attacks here) he is currently imprisoned in violation of the

Federal Constitution. This is because he was not convicted and sentenced in the state criminal case challenged here.

**IT IS THEREFORE ORDERED** that within thirty days Petitioner must **SHOW CAUSE** why the petition for writ of habeas corpus and certificate of appealability should not be denied.

DATED this __21st__ of October, 2025.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court